ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 JUL 21 PM 1:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STANLEY R. COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 305-031 |
| ) | |
| TONY HOWERTON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was filed pursuant to 28 U.S.C. § 2254. The matter is now before the Court on Respondent's "Motion to Dismiss Petition as Untimely." (Doc. no. 8). Petitioner opposes the motion (Doc. no. 14, pp. 2-3). For the reasons stated more fully below, the Court **FINDS** that Petitioner's federal habeas corpus petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On February 2, 1993, following a jury trial in the Superior Court of Montgomery County, Georgia, Petitioner was convicted of child molestation (O.C.G.A. § 16-6-4) and sentenced to eighteen (18) years of imprisonment. Resp.'s Ex. 10, pp. 54, 189, 192. Petitioner filed a motion for new trial, which the trial court denied on May 11, 1993. Resp.'s Ex. 10, p. 22. Petitioner then appealed his conviction; the Georgia Court of Appeals

affirmed his conviction via published opinion on February 11, 1994. See Cooper v. State, 212 Ga. App. 34, 34, 36, 441 S.E.2d 448, 448, 450 (1994). Petitioner did not seek further appellate review.

In fact, Petitioner took no further action regarding his conviction until January 7, 1998, when he filed a *pro se* motion for new trial in the Superior Court of Montgomery County.[1] See Resp.'s Ex. 10, p. 15. Later, on February 24, 1998, he filed a state habeas petition in the Superior Court of Gwinnett County, Georgia. See Resp.'s Ex. 1. Therein, Petitioner argued that he had discovered new evidence, namely a 1996 psychiatric evaluation of his victim (his daughter) and a videotaped recantation of key prosecution witnesses' testimony. See id. at 4-5. The state habeas court conducted an evidentiary hearing on October 7, 1998, and denied relief on November 25, 1998. See Resp.'s Ex. 2. The state habeas court based this denial on its conclusion that "[t]he procedure to secure a new trial because of newly discovered evidence is a motion for new trial." Id. at 1. Petitioner filed an application for a certificate of probable cause to appeal to the Georgia Supreme Court, which was dismissed as untimely on January 31, 2000. Resp.'s Ex. 3.

Meanwhile, Petitioner, through court-appointed counsel, filed a "Petition for Permission to File Extraordinary Motion for New Trial" in the state trial court on March 3,

---

[1] Respondent does not mention this motion in his brief in support of the motion to dismiss. Strangely, this one-page motion appears (without explanation) in the record of Petitioner's 1998 state habeas proceeding, which was conducted in the Superior Court of Gwinnett County, Georgia. There is nothing else in the record regarding this motion, and it is not clear whether any written order was ever issued in regard to it. At any rate, even assuming this motion was "properly filed" and could otherwise have tolling effect under 28 U.S.C. § 2244(d)(2), as discussed *infra*, the motion has no effect on the untimeliness of Petitioner's federal petition.

2000. Resp.'s Ex. 11, p. 30. Petitioner argued that the following new evidence necessitated a new trial: (a) his daughter's psychiatric evaluation in 1996,[2] which diagnosed various mental and psychological problems, and (b) written and videotaped recantations[3] of the trial testimony of Petitioner's accusers, the victim (Petitioner's daughter) and her brother (Petitioner's son). Id. at 30-31. After conducting a hearing, the trial court denied the petition on June 26, 2000, explaining: (a) the 1996 psychiatric evaluation, in addition to being immaterial, was not "new" evidence at all, as it comported with a prior evaluation performed in 1992 and the victim's mental and psychological problems had been thoroughly addressed at trial; and (b) the recantation by Petitioner's children, while "impeaching," did not warrant a new trial. Resp.'s Ex. 11, pp. 23-26. Petitioner apparently did not attempt to appeal the trial court's ruling.

However, he did proceed to file another state habeas petition on July 11, 2001--after a hearing, the state habeas court denied the petition as successive on December 18, 2003. Resp.'s Ex. 4, 5, 11. Petitioner filed an application for certificate of probable cause to appeal, which was denied as untimely on October 25, 2004. Resp.'s Ex. 6. While this second petition remained pending, Petitioner filed his third state habeas petition on April 5, 2002, which was also dismissed as successive on January 15, 2003. Resp.'s Exs. 7, 8. Petitioner then filed an application for certificate of probable cause to appeal to the Georgia Supreme Court, which was denied on April 30, 2003. Resp.'s Ex. 9.

Finally, Petitioner executed the instant federal petition on January 10, 2005. (Doc.

---

[2]This evaluation was performed on January 23, 1996. See Resp.'s Ex. 10, pp. 263-68.

[3]The written statements were apparently made in May 1996. See Resp.'s Ex. 10, pp. 260-62; Resp.'s Ex. 11, pp. 51-52

3

no. 1, p. 5). Petitioner argues chiefly[4]: (1) the witness recantations and psychiatric evaluation, discovered by Petitioner on "March 15, 1996," demonstrate that he is actually innocent; and (2) counsel appointed to represent him in his "Petition for Permission to File Extraordinary Motion for New Trial" was ineffective for failing to file an appeal of the denial of his petition. (See doc. nos. 1, 2). Respondent has now moved to dismiss the petition, arguing that it is time-barred. (Doc. no. 8). The Court resolves the matter as follows.

## II. DISCUSSION

**A.     The Instant Petition is Governed by a One-Year Statute of Limitations.**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[4] Petitioner's filings are far from pellucid. Given that Petitioner is apparently mentally retarded and may have other mental health problems, this is perhaps to be expected. See Resp.'s Ex. 10, pp. 250-55. Nevertheless, the Court has done its best to construe his petition liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), and to discern from his filings those claims of arguable merit.

4

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998)(*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA, otherwise met the statutory requirements for delaying the start of the limitations period, or validly raised grounds for equitable tolling of the statute of limitations.

**B. The Instant Petition is Time-Barred.**

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" on or about February 21, 1994, when the ten (10) day period in

5

which he could seek review by the Georgia Supreme Court (of the Georgia Court of Appeals's denial of his direct appeal) expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Georgia Sup. Ct. Rule 38; Georgia Ct. of App. R. 38(a)(1) ("Notice of intention to petition for certiorari shall be filed with the Clerk of this Court within 10 days after the judgment . . . ."). Thus, under the Wilcox bright-line rule, Petitioner had until April 23, 1997 to file a federal petition, provided that no basis exists to: 1) delay the start of the AEDPA clock under § 2244(d)(2)(B)-(D), 2) statutorily toll the period under § 2244(d)(2), or 3) equitably toll the period. Petitioner did not file the instant petition until 2005, rendering it clearly untimely; he also fails to provide any rationale for concluding otherwise.

Here, after Petitioner's conviction became final, Petitioner took no action in state court until filing a *pro se* motion for new trial on January 7, 1998. By this time, the statutory period had expired. Thus, none of Petitioner's various attempts to obtain state post-conviction relief can have any tolling effect under § 2244(d)(2), because "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

That having been said, Petitioner may argue that § 2244(d)(1)(A) should not apply because Petitioner discovered new evidence (*i.e.*, witness recantations, psychiatric evaluation) in 1996. (Doc. no. 1, p. 3). However, even if the Court were to assume

6

*arguendo* that the AEDPA clock did not begin to run until December 31, 1996 (a date well after the supposed discovery of Petitioner's evidence), that would be of no help to Petitioner because he took no action in state court until 1998, and did not file the instant federal petition until 2005. Thus, Petitioner's discovery of "new evidence" presents no occasion to delay the start of the period of limitations under § 2244(d)(1)(D). Petitioner has similarly failed to allege that any State-imposed impediment to filing prevented him from acting in a timely fashion; nor does he allege that his claims are based on a newly-recognized right made retroactively applicable to cases on collateral review by the Supreme Court. In sum, § 2244(d)(1)(A) and the Wilcox bright-line rule apply to render the instant petition time-barred.

## C. Petitioner Alleges No Basis for Equitable Tolling.

Of course, the Court is aware that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nevertheless, equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id.

7

Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[5]

### D. Petitioner's Essential Claim is Not a Cognizable Basis for Federal Habeas Relief.

Moreover, even if the instant petition were not untimely, denial of the petition would nevertheless be appropriate. The core assertion of the petition is that Petitioner's new evidence--namely, the 1996 psychiatric evaluation and Petitioner's children's recantations of their trial testimony--demonstrates his actual innocence. In Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002), the Eleventh Circuit explained that new evidence, including a trial witness's recantation, cannot form the basis for federal habeas relief absent some independent constitutional violation:

> Finally, even if [the witness's] recantation were credible (and the trial court has squarely found that it was not), the Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not

---

[5]Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). "Actual innocence" refers to the rare instance in which a *constitutional violation* has resulted in the conviction of one who is probably innocent. Sibley, 377 F.3d at 1205. As discussed *infra* at Part II.D., Petitioner's claim that new evidence establishes his innocence does not rise to a cognizable "actual innocence" claim because he makes no independent claim that his constitutional rights were violated at trial.

8

imprisoned in violation of the Constitution--not to correct errors of fact."
Id. Brownlee alleges no independent constitutional violation relating to
[the witness's] recantation, and he is therefore entitled to no federal habeas
relief on this claim.

Simply put, even if Petitioner's claims were not barred by the AEDPA statute of limitations, he would still be entitled to no relief, as his principal claims concern only the discovery of new evidence, unaccompanied by an independent claim that his constitutional rights were violated at trial. In sum, Respondent's motion should be granted and the instant petition dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court **FINDS** the instant petition for a writ of habeas corpus is time-barred. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss (doc. no. 8) be **GRANTED**, that this civil action be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 21st day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Stanley R. Cooper, Pro-se
Chad Eric Jacobs, Esq.
Paula K. Smith, Esq.

CASE NO: CV305-31

DATE SERVED: July 21, 2005

SERVED BY: Cindy Reynolds *CR*

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate