ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 AUG 23 AM 8: 52
CLERK B McCarthy
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

STANLEY R. COOPER, )
)
Petitioner, )
)
v. ) CV 305-031
)
TONY HOWERTON, Warden, )
)
Respondent. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended that Respondent's motion to dismiss the instant petition as untimely be granted. (Doc. no. 16). Petitioner argues: 1) the one-year statute of limitations applicable to petitions brought pursuant to 28 U.S.C. § 2254 is an unconstitutional suspension of the writ of habeas corpus; and 2) the Magistrate Judge erred when he concluded that a trial witness's recantation cannot form the basis for federal habeas relief absent some independent constitutional violation. (Doc. no. 19). Both of these arguments fail.

First, the one-year statute of limitations imposed on § 2254 petitions by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not an unconstitutional suspension of the writ. See Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001); Wyzykowski v. Dep't of Corrections, 226 F.3d 1213, 1215-17 (11th Cir. 2000). Of course, a claim of actual innocence might warrant consideration of an otherwise untimely federal

petition. See Wyzykowski., 226 F.3d at 1218-19. However, the Magistrate Judge correctly noted that "actual innocence" refers to the rare instance in which "a *constitutional violation* has probably resulted in the conviction of one who is actually innocent." Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004)(quoting Schlup v. Delo, 513 U.S. 298, 317 (1995))(emphasis added); see also Murray v. Carrier, 477 U.S. 478, 496 (1986)(excusing procedural default where "a constitutional violation has probably resulted in the conviction of one who is actually innocent"). In other words, Petitioner may not evade the AEDPA statute of limitations without showing that his conviction would likely not have occurred *but for a constitutional violation*. Although Petitioner presents arguably new evidence, he has made no attendant claim that the State violated his constitutional rights in any way during his criminal proceedings.

Simply put, the Magistrate Judge correctly determined that Petitioner's claims regarding perjured testimony do not provide a cognizable basis for federal habeas corpus relief. As the Magistrate Judge correctly stated, absent prosecutorial misconduct or some other constitutional violation in the criminal proceeding, the discovery of new evidence (including witness recantation) alone is no basis for federal habeas relief. (Doc. no. 16, p. 8-9 (quoting Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002)). To prevail on a claim that his conviction was secured with perjured testimony, Petitioner must show "that the testimony was false, that the state knew the testimony was false, and that the false testimony was material."[1] Stephens v. Hall, 407 F.3d 1195, 1205 (11th Cir. 2005)(quoting

---

[1]Of course, it is also true that a prosecutor violates the Constitution by failing to provide the defense with evidence pertaining to a witness's credibility. See, e.g., Carr v. Schofield, 364 F.3d 1246, 1254-55 (11th Cir. 2004). That having been said, Petitioner has

Routly v. Singletary, 33 F.3d 1279, 1286 (11th Cir. 1994); see also Moon v. Head, 285 F.3d 1301, 1314 (11th Cir. 2002). Assuming *arguendo* that the recanted testimony in Petitioner's case was false and material, Petitioner has not alleged that the prosecutor knew that the testimony was false. Simply put, Petitioner has not alleged that the purportedly false testimony given in his criminal trial was the result of any constitutional violation by the State, and he has thus failed to state a cognizable claim.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Respondent's motion to dismiss (doc. no. 8) is **GRANTED**, this civil action is **DISMISSED**, and the Clerk is **DIRECTED** to enter a final judgment in favor of Respondent.

SO ORDERED this 23rd day of August, 2005, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

not alleged that the prosecutor withheld exculpatory evidence from the defense.

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Stanley R. Cooper, Pro-se @ prison
Chad Eric Jacobs, Esq.
Paula K. Smith, Esq.

CASE NO: CV305-031

DATE SERVED: August 23, 2005

SERVED BY: Cindy Reynolds

- [ ] Copy placed in Minutes
- [x] Copy given to Judge
- [x] Copy given to Magistrate